UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RICHARD BORDEAU AND TRAVIS DOXSEE
AND ON BEHALF OF ALL OTHER PERSONS
SIMILARLY SITUATED,

                    Plaintiffs,

       v.

V & J EMPLOYMENT SERVICES, INC. and
PIZZA HUT OF AMERICA, LLC, Jointly and
Severally,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.:  1:17-CV-0188 (BKS/CFH)

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTION

1.     Plaintiffs Richard Bordeau and Travis Doxsee allege on behalf of themselves and other similarly situated current and former V & J Employment Services, Inc. and Pizza Hut of America LLC employees, pursuant to Fed. R. Civ. P. 23 (a) and (b), for willfully violating the New York Labor Law by unlawfully retaining gratuities and failing to pay the minimum wage.

2.     Plaintiff Doxsee alleges on behalf of himself and other similarly situated current and former Pizza Hut of Am. employees and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to unpaid wages from Defendants for failing to pay the minimum wage.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this matter under the Class Action Fairness Act, 28 U.S.C. § 1332(d) since the putative class includes at least 100 members, minimum diversity exists and the amount in controversy exceeds $5,000,000.

4.     This Court also has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b).

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2).

4.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

5.     Plaintiff Bordeau was, at all relevant times, an adult individual residing in Menands, New York, Albany County.

6.     Plaintiff Doxsee was, at all relevant times, an adult individual residing in Schenectady, New York, Schenectady County.

7.     V & J Employment is a corporation, organized and existing under the laws of the State of Wisconsin.

8.     Pizza Hut of Am. is a limited liability company, organized and existing under the laws of the State of Delaware, is licensed to do business throughout the United States, including the State of New York, and has its principal place of business at 7100 Corporate Drive, Plano, Texas 75024.

9.     Upon information and belief, V & J Employment is an enterprise engaged in commerce or in the production of goods for commerce. It has engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.

These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, computers, produce, glassware, and silverware.

10.     Upon information and belief, Pizza Hut of Am. is an enterprise engaged in commerce or in the production of goods for commerce. It has engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, computers, produce, glassware, and silverware.

11.     Each Defendant, individually or jointly, has employed Plaintiffs Bordeau and Doxsee, as each, directly or indirectly, controlled their work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

<u>NATURE OF ACTION</u>

12.     Under N.Y. Lab. Law § 196-d, mandatory delivery fees – like what V & J Employment and Pizza Hut of Am. charge their customers – are gratuities that belong to the employees.

13.     V & J Employment and Pizza Hut of Am. violated N.Y. Lab. Law § 196-d by retaining some or all of the delivery fees.

14.     V & J Employment and Pizza Hut of Am. violated the Labor Law and FLSA by making *de facto* deductions from Plaintiffs Bordeau and Doxsee's compensation, reducing their hourly rate below the statutory minimum.

## STATEMENT OF FACTS

15.     Pizza Hut[1] is an American restaurant chain that offers different styles of pizza along with side dishes including salad, pasta, Buffalo wings, garlic bread and desserts.

16.     Pizza Hut of Am. has more than 6,000 Pizza Hut restaurants in the United States, and employs more than 160,000 individuals.

17.     More than 50 Pizza Hut locations are located within the State of New York.

18.     Pizza Hut customers can order pizzas and other items to be delivered to their home through the Pizza Hut website, www.pizzahut.com, the Pizza Hut mobile application (*i.e.*, an application that is accessed while customers use their iPhone, iPad or Galaxy) and by calling the nearest location.

19.     The Pizza Hut website and mobile application allow customers to place delivery orders with any Pizza Hut location throughout the United States that makes deliveries, regardless if it is a franchise location.

20.     Pizza Hut of Am. grants franchises to operate Pizza Hut restaurants in the State of New York and throughout the United States and sublicenses the use of Pizza Hut of Am.'s trademark to the franchisees.

---

[1] The use of the term "Pizza Hut" is a colloquial reference to the "Pizza Hut" brand name (e.g., Pizza Hut pizza), not to the Pizza Hut of America LLC entity.

21.     V & J Employment is a Pizza Hut of Am. franchisee and operates multiple Pizza Hut restaurants in the State of New York.

22.     Valerie Daniels Carter is one of the founders and is President and C.E.O. of V & J Holdings, Inc.

23.     John Daniels, Jr. is one of the founders and is Chairman of the Board of V & J Holdings, Inc.

24.     Individuals can apply for positions at any of the restaurants that V & J Employment owns and operates at www.vjfoods.com.

25.     Pizza Hut of Am. depends on their franchise and corporate-owned locations selling and delivering pizzas under detailed operating standards, and its profits and financial wellbeing depends in large part upon the success of the franchise locations.

26.     As part of the operating standards for the franchises, Pizza Hut of Am. promulgates and implements employment policies including compensation, hiring, training, and management policies for all their locations, including V & J Employment' locations.

27.     Pizza Hut of Am. maintains control over many aspects of V & J Employment's locations that directly related to Plaintiffs Bordeau, Doxsee, the Collective Action Members (defined below) and Class Members' (defined below) employment, including specifying the uniforms, equipment and supplies they use, setting their delivery areas, monitoring the delivery times, and detailing the methods and procedures for performing their work.

28.     Reflecting the relationship between V & J Employment and Pizza Hut of Am., starting in or about late-2015, individuals who V & J Employment hires directly,

are required to sign an "Arbitration and Collective/Class Waiver Agreement" under which individuals are purportedly agreeing to arbitrate any claims against V & J Employment and Pizza Hut of Am. and further purportedly waiving the right to bring any class or collective action against V & J Employment and Pizza Hut of Am.

29.     Individuals who are applying for a position with any Pizza Hut location, including franchises, throughout the United States may complete the same online employment application on the Pizza Hut website:  www.pizzahut.com.

30.     Pizza Hut of Am. provides franchises, including V & J Employment, materials for use in training store managers and employees, and provides posters with directions on how employees perform tasks (*e.g.*, how to build a pizza).

31.     Pizza Hut of Am. develops and maintains hiring policies, including systems for screening applications, interviewing and assessing employment applications for V & J Employment's locations.

32.     Pizza Hut of Am. can stop any violations of its operating standards by terminating or threatening to terminate the franchise agreements with V & J Employment.

33.     Pizza Hut of Am. has, upon information and belief, conducted periodic operating standards reviews at V & J Employment's locations to ensure they are complying with the operating standards.

34.     Pizza Hut of Am. monitors V & J Employment employees' performance through required computer hardware and software.

35.     Pizza Hut of Am. establishes the menus and food prices for V & J Employment.

36.    Plaintiff Bordeau worked as as a pizza delivery driver from September 2011 to September 2013 at the Pizza Hut located at 1628 Union Street, Schenectady, New York.

37.    Plaintiff Doxsee worked as a pizza delivery driver from March 2011 to November 2015 primarily at the Pizza Hut Located at 1628 Union Street, Schenectady, New York, and worked a few weeks at the 159 Delaware Avenue, Delmar, New York 12054 location.

38.    In or about mid-summer 2013, V & J Employment ceased operating the Union Street and Delaware Avenue locations and sold its interest to Pizza Huf of Am., which then operated the locations.

39.    Prior to the mid-summer 2013 transaction, V & J Employment and Pizza Hut of Am. jointly employed Plaintiffs Bordeau, Doxsee and the Class Members.

40.    Beginning in mid-summer 2013 transaction, Pizza Hut of Am. employed Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members.

41.    Plaintiffs Bordeau and Doxsee's duties remained the same when V & J Employment and Pizza Hut of Am. jointly employed them and when Pizza Hut of Am. was their sole employer: using their own car to deliver pizzas, bread sticks and other items to Pizza Hut customers.

42.    At any one time, Plaintiffs Bordeau and Doxsee worked with between 2 and 10 other pizza delivery drivers.

43.    A high turnover rate exists with pizza delivery drivers, with some quitting and others getting fired.

44.     Pizza Hut customers are charged a mandatory $2.50 "delivery fee," which is within the range of what an objectively reasonable customer pays as a tip to a pizza delivery driver and a reasonable customer would expect the delivery fee to be paid to the driver as a gratuity.

45.     Customers were charged the same delivery fee, regardless of which Defendant was directly paying Plaintiffs Bordeau and Doxsee.

46.     Neither the Pizza Hut website nor mobile application explain to the customer the purpose of the delivery fee (*e.g.*, a fuel surcharge, tolls, overhead, etc.), or that V & J Employment or Pizza Hut of Am. is retaining some or all-of-the fee.

47.     It was not up until, in or about, 2013 did Pizza Hut's website first state the total amount being charged to a customer does not include tip.

48.     It was not up until, in or about, August 2015 did Pizza Hut's mobile application first state the total amount being charged to a customer does not include tip.

49.     Customers were charged the same delivery fee, regardless if they order online using the Pizza Hut website, or the Pizza Hut mobile application.

50.     Neither V & J Employment nor Pizza Hut of Am. remitted to the drivers 100% of the delivery fee; they retain some or all-of-the fee.

51.     Plaintiffs Bordeau, Doxsee and the Class Members did not receive 100% of the charged delivery fee.

52.     When customers place their order online or through the mobile application, the Pizza Hut website and application automatically display the amount due including the delivery fee, but do not permit customers to add a gratuity in the amount of their choosing.

53.     Before and after the changes to them, Pizza Hut's website and application would have the reasonable customer believe the "delivery fee" is a gratuity.

54.     V & J Employment and Pizza Hut of Am. mislead customers to believe 100% of the delivery fee is a gratuity.

55.     On numerous occasions, customers have told Plaintiffs Bordeau and Doxsee they thought the delivery fee is a gratuity.

56.     From personal experiences and conversations with other Class Members, Plaintiffs Bordeau and Doxsee knows that they, like them, infrequently received gratuities directly from customers.

57.     Customers infrequently gave drivers gratuities because they reasonably believed the delivery fee was their gratuity.

58.     All drivers have direct face-to-face customer interaction and engage in customer service when they make deliveries.

59.     All drivers are the type of employees who customarily and regularly receive tips from customers.

60.     V & J Employment and Pizza Hut of Am. accepted and retained gratuities belonging to Plaintiffs Bordeau, Doxsee and the Class Members.

61.     Because of V & J Employment and Pizza Hut of Am.'s acceptance and retention of gratuities belonging to Plaintiffs Bordeau, Doxsee and the Class Members, they were deprived of gratuities the Labor Law guarantees them.

62.     V & J Employment and Pizza Hut of Am. paid Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members the statutory minimum wage.

63.     Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members use their own vehicles to deliver pizzas, which are generally two or four-door passenger cars that weigh less than 10,000 pounds.

64.     While employing them, V & J Employment and Pizza Hut of Am. required the delivery drivers to bear the out-of-pocket expenses associated with their vehicles: gasoline, vehicle depreciation, insurance, maintenance and repairs.

65.     The Internal Revenue Service has calculated and published a standard mileage reimbursement rate for business and employees to use to calculate the minimum deductible costs of operating an automobile for business purposes: From January through June 2011, the rate was $0.51/mile; from July 2011 through December 2012, the rate was $0.555/mile; in 2013, the rate was $0.565/mile; in 2014, the rate was $0.56 per mile; in 2015, the rate was $0.575/mile; and in 2016, the rate was $0.54/mile.[2]

66.     The U.S. DOL Wage and Hour Division's Field Operations Handbook mandates that if employers do not track and reimburse actual vehicle expenses, they must reimburse employees at the IRS standard business mileage rate.

67.     The American Automobile Associate and other similar organizations have used the IRS rates or higher rates as the average cost of operating a vehicle.

68.     Neither V & J Employment nor Pizza Hut of Am. tracked and reimbursed Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members' actual vehicle expenses.

69.     Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members spent, on average, $20 per day on gasoline for which they were not reimbursed in full.

---

[2] https://www.irs.gov/uac/newsroom/2016-standard-mileage-rates-for-business-medical-and-moving-announced; http://currentmileagerate.com/

70.     By not reimbursing them for the money spent on gasoline and other vehicle operating costs, Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members were effectively paid below the minimum wage.  For example, on days they worked 10 hours, were paid $7.25 per hour and spent $20.00 on gas, their effective hourly rate was $5.25.

71.     Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members made an average of 18 deliveries per 8-hour shift, which required them to drive an average of 6 miles per round trip, totaling 108 miles per shift and 13.5 miles per hour (108 miles/8 hours).

72.     Based on their average miles driven per hour, Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members incurred out-of-pocket expenses of at least $7.63 ($0.565 x 13.5 miles) per hour in 2013, $7.56 ($0.56 x 13.5 miles) in 2014 and $7.76 ($0.575 x 13.5 miles) in 2015.

73.     Until approximately June 2015, V&J Employment and Pizza Hut of Am. provided Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members $1.35 per delivery to reimburse them for their driving expenses.

74.     Upon information and belief, the $1.35 was paid from the delivery fee that V & J Employment and Pizza Hut of Am. charged and collected.

75.     As the delivery fees are gratuities belonging to Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members, V & J Employment and Pizza Hut of Am. do not receive a credit for having paid this money to them.

76.     Beginning in approximately June 2015, Pizza Hut of Am. provided Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members $0.38 per mile to

purportedly reimburse them for their vehicle-related expense. This amount is below the IRS's published reimbursement rate and is not a reasonable approximation of their automobile-related expenses.

77.    Even assuming *arguendo* the delivery fee is not a gratuity, V & J Employment and Pizza Hut of Am. still failed to fully reimburse Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members for their driving-related expenses: for making 18 deliveries, Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members were reimbursed $24.30 (18 deliveries x $1.35); Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members' out-of-pocket expenses for those deliveries were $61.02 (18 deliveries x 6 miles round trip x $0.565 IRS rate for 2013).

78.    Because V & J Employment and Pizza Hut of Am paid Plaintiffs Bordeau, Doxsee, the Class and Collective Action Members the statutory minimum wage, their failure to reimburse them in full for their expenses resulted in them being paid below the statutory minimum wage.

## CLASS ACTION ALLEGATIONS

79.    Plaintiffs Bordeau and Doxsee assert these allegations and claims on their own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom V & J Employment or Pizza Hut of Am. is employing and has employed, jointly or individually, in the State of New York as a "pizza delivery driver" at any time since February 17, 2011 to the entry of judgment in this case, who were non-exempt employees within the meaning of the Labor Law, and who had direct face-to-face customer interaction.

80.    The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within V & J Employment

and Pizza Hut of Am.'s sole control, upon information and belief, more than 100 Class Members exist.

81.     Plaintiffs Bordeau and Doxsee's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

82.     V & J Employment and Pizza Hut of Am. have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class.

83.     Plaintiffs Bordeau and Doxsee are committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

84.     Plaintiffs Bordeau and Doxsee have the same interest in this matter as all other Class Members and their claims are typical of Class Members.

85.     Common questions of law and fact exist as to the Class that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.     whether V & J Employment and Pizza Hut of Am. employed Plaintiffs Bordeau, Doxsee and the Class Members, individually or jointly, within the meaning of the Labor Law;

b.     whether the delivery charge is a gratuity within the meaning of the Labor Law;

c.      whether V & J Employment and Pizza Hut of Am. unlawfully retained Plaintiffs Bordeau, Doxsee and the Class Members' gratuities;

d.      whether V & J Employment and Pizza Hut of Am. required Plaintiffs Bordeau, Doxsee and the Class Members to pay their out-of-pocket expenses;

e.      whether V & J Employment and Pizza Hut of Am. violated the Labor Law by failing to reimburse in full Plaintiffs Bordeau, Doxsee and the Class Members' out-of-pocket expenses and thereby reducing their hourly rate below the statutory minimum wage;

f.      whether V & J Employment and Pizza Hut of Am. are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

g.      whether V & J Employment and Pizza Hut of Am. should be enjoined from such violations of the Labor Law in the future.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

86.      Under 29 U.S.C. § 206, Plaintiff Doxsee seeks to assert these allegations and claims as a collective action:

> All persons Pizza Hut of Am. employed and is employing as pizza delivery drivers at any time since February 17, 2014 to the entry or judgment in this case ("Collective Action Period") who were non-exempt employees with the FLSA's meaning, who were paid the statutory minimum wage, and were not reimbursed in full for their business-related expenses ("Collective Action Members").

87.      Plaintiff Doxsee and the Collective Action Members are similarly situated on several legal and factual issues:

a.      whether Pizza Hut of Am. employed the Collective Action Members within the meaning of the FLSA;

b.      whether Pizza Hut of Am. paid the Collective Action Members the minimum wage;

c.      whether Pizza Hut of Am. failed to reimburse the Collective Action Members for all business-related expenses, thereby reducing their hourly rate below the statutory minimum and violating the FLSA and the regulations promulgated thereunder;

d.      whether Pizza Hut of Am.'s violations of the FLSA are willful;

e.      whether Pizza Hut of Am. is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees; and

f.      whether Pizza Hut of Am. should be enjoined from such violations of the FLSA in the future.

<u>FIRST CAUSE OF ACTION</u>
UNLAWFULLY RETAINED GRATUITIES CLAIM UNDER
THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs Bordeau, Doxsee and the Class Action Members)

88.     Plaintiffs Bordeau and Doxsee, on behalf of themselves and the Class Members, repeat and realleges every allegation of the preceding paragraphs as if fully set forth herein.

89.     Plaintiffs Bordeau, Doxsee and the Class Members are "employees" as defined by N.Y. LAB. LAW § 190(2).

90.     V & J Employment and Pizza Hut of Am. are employers within the meaning of N.Y. LAB. LAW §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiffs Bordeau, Doxsee and the Class Members.

91.     The mandatory delivery fee is a gratuity that belongs to the Class Members under N.Y. Lab. Law § 196-d.

92.     Plaintiffs Bordeau, Doxsee and the Class Members are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy that violates the Labor Law has been applied and continues to be applied to all pizza delivery drivers in the State of New York.

93.     Plaintiffs Bordeau, Doxsee and the Class Members are eligible to receive tips under the Labor Law as the principal and regular part of their duties is to have direct customer service.

94.     Because of V & J Employment and Pizza Hut of Am.'s acceptance and retention of gratuities belonging to Plaintiffs Bordeau, Doxsee and the Class Members, those employees were deprived of gratuities the Labor Law guarantees them.

95.     V & J Employment and Pizza Hut of Am. have willfully violated N.Y. Lab. Law § 196-d by unlawfully retaining the delivery fees, which are gratuities that should be remitted to the Class Members.

96.     Due to V & J Employment and Pizza Hut of Am.'s violations of the Labor Law, Plaintiffs Bordeau, Doxsee and the Class Members are entitled to recover from them their unlawfully retained gratuities, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

<u>SECOND CAUSE OF ACTION</u>
UNPAID MINIMUM WAGE CLAIM UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs Bordeau, Doxsee and the Class Action Members as against all Defendants)

97. Plaintiffs Bordeau and Doxsee, on behalf of themselves and the Class Members, repeat and realleges every allegation of the preceding paragraphs as if fully set forth herein.

98. The unpaid wages at issue in this claim are "wages" under N.Y. LAB. LAW § 190(1).

99. N.Y. LAB. LAW § 193 prohibits deductions from wages that are not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency and are not expressly authorized in writing by the employees and are not for the benefit of the employee.

100. N.Y. LAB. LAW § 198-B(2) prohibits persons from, *inter alia*, requesting, demanding, or receiving, either before or after such employee is engaged, a return, donation, or contribution of any part or all of said employee's wages, salary, supplements, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment.

101. V & J Employment and Pizza Hut of Am. have failed to reimburse Plaintiffs Bordeau, Doxsee and the Class Members the reasonably approximate amount of their automobile expenses, thereby reducing their wages below the statutory minimum wage.

102. V & J Employment and Pizza Hut of Am. violated the Labor Law by requiring *de facto* deductions for vehicle expenses that are not authorized under the Labor Law and that reduce Class Members' wages below the statutory minimum.

103. Plaintiffs Bordeau, Doxsee and the Class Members are victims of uniform compensation and vehicle cost reimbursement policies, which violate the Labor Law.

104. Due to V & J Employment and Pizza Hut of Am.'s violations of the Labor Law, Plaintiffs Bordeau, Doxsee and the Class Members are entitled to recover from them their unpaid minimum wage, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest. N.Y. LAB. LAW § 633(1).

THIRD CAUSE OF ACTION
UNPAID MINIMUM WAGE CLAIM UNDER THE FLSA
(On Behalf of Plaintiff Doxsee and the Collective Action Members as against Pizza Hut of Am.)

105. Plaintiff Doxsee, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

106. Pizza Hut of Am. is an employer under the FLSA. 29 U.S.C. § 203(d).

107. Plaintiff Doxsee and the Collective Action Members are "employees" under the FLSA. 29 U.S.C. §§ 203(e)(1).

108. The wages Pizza Hut of Am. paid Plaintiff Doxsee and the Collective Action Members are wages under the FLSA, 29 U.S.C. § 203(m).

109. Pizza Hut of Am. violated the FLSA by failing to pay Plaintiffs Doxsee and the Collective Action Members the required minimum wage. 29 U.S.C. §206(a)(1).

110. In failing to ensure Plaintiff Doxsee and the Collective Action Members received the statutory minimum wage, Pizza Hut of Am. willfully and recklessly violated the FLSA.

111. Pizza Hut of Am. has no good faith justification for failing to pay Plaintiff Doxsee and the Collective Action Members the statutory minimum wage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Bordeau and Doxsee, on behalf of themselves and the Class and Collective Action Members, respectfully request this Court grant the following relief:

a.      Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiffs Bordeau and Doxsee and their counsel to represent the Class Members;

b.      A declaratory judgment that the practices complained of herein are unlawful under the Labor Law;

c.      An injunction against V & J Employment and Pizza Hut of Am. and their officers, agents, successors, employees, representatives and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.      An award for all unlawfully retained gratuities under the Labor Law;

e.      An award of unpaid minimum wage under the Labor Law and the FLSA;

f.      An award of liquidated damages as a result of the V & J Employment and Pizza Hut of Am.'s willful and unlawful retention of gratuities under the Labor Law;

g.      An award of liquidated damages as a result of the V & J Employment and Pizza Hut of Am.'s failure to pay the statutory minimum wage under the Labor Law or FLSA;

h.      An award of prejudgment and post-judgment interest;

i.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs Bordeau and Doxsee demand a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
        February 17, 2017

BRONSON LIPSKY LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky (Bar No. 516831)
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
Tel: 212.392.4772
Fax: 212.444.1030
dl@bronsonlipsky.com

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Pizza Hut of Am. to pay me the wages owed as required under the Fair Labor Standards Act and/or New York Labor Law and also authorize the filing of this consent in the action(s) challenging such conduct, and to preserve and pursue any claim that I may have to the greatest extent possible. I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that Plaintiff's attorneys have brought and/or may bring on behalf of myself and other employees alleged to be similarly situated.

I authorize the representative plaintiff(s) and designate him/them class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____     2/16/17
Signature                           Date

_____
Travis Doxsee
Print Name