UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RICHARD BORDEAU AND TRAVIS DOXSEE
AND ON BEHALF OF ALL OTHER PERSONS
SIMILARLY SITUATED,

                Plaintiffs,

      v.

V & J EMPLOYMENT SERVICES, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:17-cv-188 (BKS) (CFH)

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT V&J EMPLOYMENT SERVICES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Dated: New York, New York
       August 21, 2017

Douglas B. Lipsky
BRONSON LIPSKY LLP
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
*Counsel for Plaintiffs*

TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... i

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

LEGAL ARGUMENT ............................................................................................... 2

I.     EACH CLAIM IS SUFFICIENT PLED ............................................................ 2

       A.     V & J Employment Services Falls Short of Its Burden For A Judgment on the Pleadings Under Fed. R. Civ. P. 12(c). ................................................. 2

       B.     No Conflict Preemption Exists between Plaintiffs' New York Labor Law Claim For Unlawfully Retained Gratuities and the Fair Labor Standards Act or the Internal Revenue Code ............................................................. 2

           1.     No Irreconcilable Conflict exists between the New York Labor Law claim and the FLSA ................................................................. 3

           2.     No Conflict Preemption Exists Between the Labor Law and Internal Revenue Code .................................................................... 6

       C.     Plaintiffs Have Sufficiently Pled the Delivery Charge Is a Gratuity Under N.Y. Lab. Law § 196(d) .............................................................................. 7

       D.     When All Their Allegations Are Read Together, Plaintiffs Sufficiently Allege V & J Failed To Pay Them the Minimum Wage ........................... 9

           1.     Assuming the fees do not constitute gratuities, V & J still failed its minimum wage obligations to Plaintiffs. ...................................... 12

           2.     V & J unquestionably failed to pay the Plaintiffs minimum wage if the delivery fees are held to be their gratuities. ........................... 14

CONCLUSION ....................................................................................................... 15

TABLE OF AUTHORITIES

CASES

*Alderman v. 21 Club Inc.*, 733 F. Supp. 2d 461 (S.D.N.Y. 2010) ...................................... 6

*Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*, No. 14-cv-7850 (VEC) (DF), 2016 U.S. Dist. LEXIS 155116 (S.D.N.Y. Nov. 7, 2016) ...................................................... 10, 12, 15

*Barenboim v. Starbucks Corp.,* 698 F.3d 104 (2d Cir. 2012) ............................................. 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) .................................... 2

*Carpaenda v. Domino's Pizza, Inc. et al.*, 991 F. Supp. 2d 270 (D. Mass. 2014).............. 8

*CSX Transp., Inc. v. Easter wood*, 507 U.S. 658 (1993) ...................................................... 3

*Davis v. 2192 Niagara St., LLC,* No. 1:15-cv-429 (LGF), 2016 U.S. Dist. LEXIS 98351, (W.D.N.Y. July 26, 2016) .................................................................................................... 7

*Desiano v. Warner-Lambert & Co.*, 467 F.3d 85 (2d Cir. 2006)........................................ 2

*Fero v. Excellus Health Plan, Inc.*, No. 6:15-cv-6569 (EAW), 2016 U.S. Dist. LEXIS 8523 (W.D.N.Y. Jan. 25, 2016) .......................................................................................... 11

*Graziano v. Pataki*, 689 F.3d 110 (2d Cir. 2012) .............................................................. 2

*Hart v. Rick's Cabaret Int'l, Inc.,* 967 F. Supp. 2d 901 (S.D.N.Y. 2013) .......................... 5

*Heroux v. Ingrassio*, 612 F. Supp. 2d 236 (W.D.N.Y. May 6, 2009)................................ 11

*Maldonado v. BTB Event & Celebrations, Inc.*, 990 F. Supp. 2d 382 (S.D.N.Y. 2013) .... 7

*Mumin v. Uber Techs., Inc.*, No. 1:15-cv-6143 (NGG), 2017 U.S. Dist. LEXIS 34008 (E.D.N.Y. Mar. 7, 2017) .................................................................................................... 10

*Orozco v. FreshDirect, LLC,* No. 1:15-cv-8226 (VEC), 2016 U.S. Dist. Lexis 133296 (S.D.N.Y. Sept. 27, 2016)................................................................................................... 9

*Perrin v. Papa John's Int'l, Inc.,* 114 F. Supp. 3d 707 (E.D. Mo. July 8, 2015).............. 13

*Perry v. Rupert*, No. 9:10-cv-1033 (LEK), 2013 U.S. Dist. LEXIS 179645 (N.D.N.Y. Oct. 16, 2013) ...................................................................................................................... 2

-iii-

*Ramirez v. Mansions Catering, Inc.*, No. 602381/08, 2009 N.Y. Misc. LEXIS 5661 (N.Y. Sup. Ct. Apr. 27, 2009) ........................................................................................... 8

*Rice v. Norman Williams Co.*, 458 U.S. 654, 102 S. Ct. 3294 (1982) ................................ 3

*Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218 (1947) ....................................................... 3

*Saldanha v. Baidyaroy*, 1992 U.S. Dist. LEXIS 8391 (S.D.N.Y. June 15, 1992) ............ 14

*United States v. Locke*, 529 U.S. 89 (2000) ........................................................................ 3

*Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712 (E.D. Pa. 2014) ................................... 11

STATUTES

26 U.S.C. § 3102(c)(2) ......................................................................................................... 7

OTHER AUTHORITIES

U.S.D.O.L. Field Operations Handbook § 30d00(a) ........................................................... 5

REGULATIONS

12 Comp. Codes. R. & Regs. § 146-2.7(c) .............................................................. 10, 12, 15

29 C.F.R. § 531.50(a) ........................................................................................................... 4

29 C.F.R. § 531.60 ............................................................................................................... 4

29 C.F.R. §§ 531.52 ............................................................................................................. 4

Plaintiffs Bordeau and Doxsee submit this memorandum of law in opposing Defendant V&J Employment Services, Inc.,'s motion for judgment on the pleadings.

PRELIMINARY STATEMENT

Plaintiffs' New York Labor Law claims against their former employer for unlawfully retained gratuities and unpaid minimum wage are well pled when measured against the full standard. V & J's Motion, however, focuses on irrelevant law, an incomplete legal picture, challenges Plaintiffs' allegations and ignores others.

V & J violated the Labor Law when it retained a $2.50 delivery fee that a reasonable customer would believe was Plaintiffs' tip for being a Pizza Hut delivery person. A Massachusetts District Court, in fact, addressed a near-identical claim involving a near identical statute to the Labor Law and held Domino's violated the law for the same policy. While it argues the Fair Labor Standards Act and Internal Revenue Code preempt this claim, V & J ignores key regulations to both arguments. And while it also asserts this claim is not well pled, it relies on a case that involved inapposite facts.

V & J further violated the Labor Law when it paid Plaintiffs the minimum wage but failed to reimburse them for vehicle related expenses that effectively dropped their rate below the statutory minimum. This claim survives this Motion regardless of the Court's holding on the delivery fees constituting gratuities. V & J, looking to change this, skips over material allegations.

In the end, V & J violated the Labor Law in two ways and the company cannot escape that. Its Motion should be denied.

LEGAL ARGUMENT

I.     EACH CLAIM IS SUFFICIENT PLED

A.     V & J Employment Services Falls Short of Its Burden For A Judgment on the Pleadings Under Fed. R. Civ. P. 12(c).

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Desiano v. Warner-Lambert & Co*., 467 F.3d 85, 89 (2d Cir. 2006); *Perry v. Rupert*, No. 9:10-cv-1033 (LEK), 2013 U.S. Dist. LEXIS 179645, at *6 (N.D.N.Y. Oct. 16, 2013). In doing so, the court must "accept[] the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Desiano*, 467 F.3d at 89. A complaint will thus survive a Rule 12(c) motion if, after giving the allegations all favorable inferences, the complaint "contain[s] sufficient factual matter to state a claim to relief that is plausible on its face." *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).

The company, despite this well-known standard, either disregards the allegations or does not accept them as true. This is ultimately fatal to its Motion.

B.     No Conflict Preemption Exists between Plaintiffs' New York Labor Law Claim For Unlawfully Retained Gratuities and the Fair Labor Standards Act or the Internal Revenue Code

Federal law conflicts with and preempts state law only in limited circumstances. It is thus, correspondingly, a high burden to show this presumption is rebutted – a burden too high for V & J to meet with either the FLSA or Internal Revenue Code.

Under the U.S. Constitution's Supremacy Clause, conflict preemption exists only "when compliance with both state and federal law is impossible, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and

objective[s] of Congress." *U.S. v. Locke*, 529 U.S. 89, 109 (2000). State law is in "irreconcilable conflict" with federal law, and hence preempted by federal law, when compliance with the state statute would frustrate the federal scheme's purpose. *Rice v. Norman Williams Co.*, 458 U.S. 654, 659 (1982). To avoid unintended encroachment upon a state's authority, courts interpreting a federal statute that pertains to a subject traditionally governed by state law "will be reluctant to find pre-emption" absent clear Congressional intent. *CSX Transp., Inc. v. Easter wood*, 507 U.S. 658, 663 (1993). A preemption analysis thus starts with the presumption Congress did not intend to supersede state law. *See Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947).

V&J fails to rebut this presumption in arguing an irreconcilable conflict exists between the FLSA and IRC and Plaintiffs' Labor Law claim for unlawfully retained gratuities. No conflict exists.

      1.      No Irreconcilable Conflict exists between the New York Labor Law claim and the FLSA

Plaintiffs do not assert in their Labor Law claim that they were paid tipped employees whose hourly rate was below the statutory minimum wage. Yet the regulations that V & J cites for its conflict preemption argument concern that issue. Given this disconnect between Plaintiffs' claim and the regulations the company cites, no conflict preemption exists between the FLSA and Plaintiffs' Labor Law claim. [1]

Preliminarily, the regulations V & J cites for its preemption argument, 29 C.F.R. §§ 531.52 and 531.55, are part of a broad regulatory framework that concern an irrelevant issue. These regulations are found under Subpart D of § 531, which is labeled "Tipped

---

[1] V & J Employment does not state in its Motion whether it is asserting conflict or field preemption exists. Its argument appears, however, to focus on conflict preemption and Plaintiffs' opposition accordingly analyzes their argument in that context.

Employees." The first section of this Subpart mandates how employers must compensate employees when claiming a "tip credit" against the statutory minimum wage under 29 U.S.C. §§ 203(m) and (t) of the FLSA, and thereby paying them below minimum wage: $2.13 an hour, provided their tips equal or exceed the difference between $2.13 and the federal minimum wage; or if their tips do not equal or exceed the difference, an additional amount to cover the difference. 29 C.F.R. § 531.50(a). This section is thus designed to ensure employees whose hourly rate is below the statutory minimum are ultimately paid the minimum wage.

The remaining regulations in Subpart D expand upon this framework. Namely, §§ 531.52 and 531.55 describe what does and does not constitute a "tip" when determining what qualifies "as a credit against [an employer's] minimum wage obligations to the employee." 29 C.F.R. §§ 531.52, 531.55(a), (b). § 531.60, similarly, regulates how an employee's overtime rate should be calculated when an employer is claiming the tip credit: "Any tips received by the employee in excess of the tip credit need not be included in the regular rate." 29 C.F.R. § 531.60.

District courts recognize this regulatory framework's focus. For example, in *Hart v. Rick's Cabaret Int'l, Inc.*, the plaintiffs-employees were not paid an hourly wage or salary, only performance fees. *Hart v. Rick's Cabaret Int'l, Inc.,* 967 F. Supp. 2d 901, 908, 929 (S.D.N.Y. 2013). The district court accordingly examined these regulations to determine if the fee should "be properly applied against an establishment's statutory minimum wage duty." *Id. see also Hinckley v. Seagate Hospitality Grp., LLP,* No. 1:16-cv-6118 (CJS), 2016 U.S. Dist. LEXIS 152799, at *43 (W.D.N.Y. Nov. 2, 2016) (analyzing the regulatory framework to determine if any minimum wage violations

occurred when an employer claimed a tip credit, paying employees below the minimum wage); *Salinas v. Starjem Rest. Corp.,* 123 F. Supp. 3d 442, 469 (S.D.N.Y. Aug. 12, 2015) (same); *Elliott v. Leatherstocking Corp.*, 3:10-cv-934 (TJM), 2011 U.S. Dist. LEXIS 40722, at *22 (N.D.N.Y. Apr. 14, 2011) (same).

The U.S. Department of Labor Field Operations Handbook, which V & J references, similarly focuses on an employer's minimum wage obligations when claiming a tip credit. The DOL states this in the first section of chapter that the company cites: "Tipped employees are subject to the section 6(a)(1) minimum wage. Section 3(m) . . . permits an employer to claim a partial credit against its minimum wage obligations to a tipped employee based on tips received by the employee. This credit against wages due is called a tip credit." U.S.D.O.L. Field Operations Handbook § 30d00(a).[2] It then, like the regulatory framework, goes on to explain when a tip credit is properly and improperly claimed. It does not concern the relevant issue: whether fixed fees should be paid to employees.

Tellingly, V & J does not cite a single case in which the cited regulations or DOL Handbook are applied outside of the tip credit context. In fact, the only cases the company cites on this issue discuss conflict preemption issue, not the regulatory framework.

Furthermore, no conflict exists between the two statutes. Although not analyzing the preemption issue, after acknowledging the textual difference between how the FLSA and Labor Law treat tips, the Second Circuit explained "§196-d and the FLSA do not overlap fully in their text and interpretation [on tips]." *See Barenboim v. Starbucks Corp.,*

---

[2] Exhibit A to Douglas B. Lipsky's August 21, 2017 Declaration ("Lipsky Dec.").

698 F.3d 104, 112 (2d Cir. 2012). Judge Griesa also explained how these two statutes do not fully overlap: § 196-d guarantees employees' rights to receive 100% of the mandatory fee; and "[s]ince federal law counts service charges as wages, they must be included in the employee's total remuneration for purposes of determining [the employee's] pay rate for overtime purposes under the FLSA." *Alderman v. 21 Club Inc.*, 733 F. Supp. 2d 461, 468-69 (S.D.N.Y. 2010) (citing 29 C.F.R. § 531.60(a)).

The lack of support for V & J's position is unsurprising as it would lead to an ironic result: a federal regulatory scheme that is designed to expand workers' protections being used to reduce their protections under state law. No conflict exists.

> 2.     No Conflict Preemption Exists Between the Labor Law and
>          Internal Revenue Code

The Internal Revenue Code sections that V & J cites do not concern or conflict with Plaintiffs' Labor Law claims. V & J, noticeably, does not, cite any supporting authority.

The company is misguided in arguing it would violate the IRC if it is required to remit the delivery fees under the Labor Law while not taking withholdings. A district court, in fact, recently rejected the very argument the company raises:

> [A] plain application of the relevant income tax statutes and regulations to the facts of this case do not establish either that it is impossible for Defendants to comply with both the Code and New York Labor Law, or that treating the mandatory charges as gratuities to be distributed to employees under § 196-d presents any obstacle to Defendants' compliance with federal tax law.

*See Davis v. 2192 Niagara St., LLC,* No. 1:15-cv-429 (LGF), 2016 U.S. Dist. LEXIS 98351, *17-26 (W.D.N.Y. July 26, 2016). The court explained that the defendants' argument, like V & J's argument, is predicated on ignoring a particular IRC section that

states the employee, not employer, is responsible for paying the taxes on these service fees. *Id.* at *24-25 (citing and analyzing 26 U.S.C. § 3102(c)(2)).

Given § 3102(c)(2) of the IRC, it is possible for V & J to comply with the IRC and N.Y. Lab. Law § 196-d. No conflict exists.

        C.      Plaintiffs Have Sufficiently Pled the Delivery Charge Is a Gratuity Under N.Y. Lab. Law § 196(d)

N.Y. Lab. Law § 196-d provides, in relevant part, that "[n]o employer . . . shall . . . retain any part of a gratuity or of any charge purported to be a gratuity for an employee." New York courts apply a "holistic assessment of how a reasonable customer would understand, in context, a particular surcharge, and whether it is 'purported to be a gratuity.'" *Maldonado v. BTB Event & Celebrations, Inc.*, 990 F. Supp. 2d 382, 389 (S.D.N.Y. 2013). In *Samiento v. World Yacht Inc.*, the New York Court of Appeals held a mandatory service charge may constitute a "charge purported to be a gratuity" within § 196-d's meaning "when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for employees." 10 N.Y.3d at 81. This includes charges that are "mandatory, and not subject to negotiation." *Id.* at 79l. Whether this test is met is "weighed against the expectation of the reasonable customer." *Id.* The focus is thus not on "what defendants intended when they used" the terms, "but the meaning that their clients attributed to them under the reasonable patron standard." *Ramirez v. Mansions Catering, Inc.*, No. 602381/08, 2009 N.Y. Misc. LEXIS 5661, at *7 (N.Y. Sup. Ct. Apr. 27, 2009).

In a near identical case, a District Court of Massachusetts considered whether Domino's Pizza violated Massachusetts's Tip Law, which is analogous to § 196-d, by retaining 100% of the $2.50 delivery fee it charges customers for every delivery. *See*

*Carpaenda v. Domino's Pizza, Inc. et al.*, 991 F. Supp. 2d 270, 271 (D. Mass. 2014). In denying defendants' motion to dismiss, the court held a "reasonable customer would interpret" the delivery fee to be a tip based on a few factors: unlike other online ordering websites that permit it, Domino's website does not permit customers to add a tip in an amount of their choosing to the total price; and $2.50 is "an amount comparable to what an average customer might pay as a tip." *Id.* at 275. The court reached this holding despite Domino's website stating, "[A]ny delivery charge is not a tip paid to your driver. Please reward your driver for awesomeness." *Id.* at 271. The same conclusion should be reached here.

Preliminarily, many similarities exist between the cases: V & J also charged a $2.50 delivery fee;[3] neither the Pizza Hut website nor mobile application explain to the customer the purpose of the delivery fee or that the company is keeping some or all of it;[4] and neither the website nor mobile application permit customers to add a gratuity in amount of their choosing.[5] Also, unlike Domino's, Pizza Hut's website was silent until 2013 on whether the total amount being charged includes a tip,[6] and Pizza Hut's mobile application was silent on this until August 2015.[7] Looking at these factors in the aggregate, a reasonable Pizza Hut customer would, like the reasonable Domino's customer, believe the delivery fee is a gratuity.

At bottom, these allegations, when assumed true and given all favorable inferences, go beyond what was held to be sufficient in *Domino's Pizza*, 991 F. Supp. 2d

---

[3] Plaintiffs' February 17, 2017 Complaint (Dkt. No. 1) ("Comp."), Exhibit A to Katherine McClung's July 19, 2017 Declaration (Dkt. No. 26-2) ("McClung Dec.").
[4] Comp. ¶ 46.
[5] Comp. ¶ 52.
[6] Comp. ¶ 47.
[7] Comp. ¶ 48.

270.  And they establish a reasonable customer would believe the delivery charge to be a

gratuity within the meaning of *Samiento v. World Yacht,* 10 N.Y.3d at 81.  Plaintiffs have

sufficiently pled their NYLL § 196-d claim.

V&J's arguments do not change this fact. The company cites a case involving a

grocery delivery service that charges a flat fee. *See Orozco v. FreshDirect, LLC,* No.

1:15-cv-8226 (VEC), 2016 U.S. Dist. Lexis 133296, at *12-13 (S.D.N.Y. Sept. 27, 2016).

There, the district court granted the motion to dismiss, holding a reasonable customer

would not believe the fixed fee is within the range of what they would pay to have

groceries delivered. *Id.* But, here, Plaintiffs were delivering pizzas, not groceries. And, as

another district court recognized, $2.50 is "an amount comparable to what an average

customer might pay as a tip" for pizza delivery." *Carpaenda*, 991 F. Supp. 2d at 271.

This claim is well pled.

> D.    When All Their Allegations Are Read Together, Plaintiffs Sufficiently
> Allege V & J Failed To Pay Them the Minimum Wage

Plaintiffs have sufficiently pled minimum wage violations – regardless of whether

the Court holds the delivery fees constitute a gratuity under the Labor Law. The

company, trying to dismiss this claim, ignores the well-pled allegations, relies on factual

disputes and stretches the Labor Law to the breaking point.

The Labor Law requires employers to pay non-exempt employees at least the

statutory minimum wage. N.Y. Lab. Law § 652(1). It correspondingly requires employers

to reimburse employees for business-related expenses when failing to do so reduces their

hourly rate below the statutory minimum. 12 Comp. Codes. R. & Regs. § 146-2.7(c); *see*

*Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*, No. 14-cv-7850 (VEC) (DF), 2016 U.S.

Dist. LEXIS 155116, at *21 (S.D.N.Y. Nov. 7, 2016) (explaining "State regulations

interpreting the NYLL similarly provide that, '[i]f an employee must spend money to carry out duties assigned by his or her employer, those expenses must not bring the employee's wage below the required minimum wage.'").

The pleading burden for this claim is not high. A minimum wage claim is sufficient pled if the complaint alleges facts about the employees' compensation and hours worked, "such that simple arithmetical calculation can be used to determine the amount owed per pay period." *Mumin v. Uber Techs., Inc.*, No. 1:15-cv-6143 (NGG), 2017 U.S. Dist. LEXIS 34008, at \*46 (E.D.N.Y. Mar. 7, 2017). Courts, in this analysis, consider "work-related expenses if deduction of the expenses from gross wages causes an employee's pay to fall below minimum wages." *Id.* Plaintiffs easily met this test.

They were paid the statutory minimum wage and used their own vehicles to deliver pizzas and incurred particular expenses: "gasoline, vehicle depreciation, insurance, maintenance and repairs."[8] They thus assert the company is required to reimburse them for these expenses using the Internal Revenue Service's standard mileage reimbursement rate: from January through June 2011, the rate was $0.51/mile; from July 2011 through December 2012, the rate was $0.555/mile; in 2013, the rate was $0.565/mile; in 2014, the rate was $0.56 per mile; in 2015, the rate was $0.575/mile; and in 2016, the rate was $0.54/mile.[9] The IRS publishes these rates for businesses and employees to use to calculate the costs of operating an automatable for business purposes. U.S. Dept. of Lab. Field Operations Handbook § 30c15.[10] The U.S. Department of Labor, in fact, references the IRS' reimbursement rate for this very situation:

---

[8] Comp. ¶¶ 62-64.
[9] Comp. ¶¶ 65, 70-72.
[10] Exhibit 2 to McClung Declaration.

> In some cases it is necessary to determine the costs involved when employees use their cars on their employer's business in order to determine minimum wage compliance. For example, <u>car expenses are frequently an issue for delivery drivers employed by pizza</u> or other carry-out type restaurants.

*Id.* (emphasis added). And courts in and outside of the Second Circuit have recognized this rate for this purpose. obligations. *See Fero v. Excellus Health Plan, Inc.*, No. 6:15-cv-6569 (EAW), 2016 U.S. Dist. LEXIS 8523, at *17 (W.D.N.Y. Jan. 25, 2016) (holding an employee's claims for mile reimbursement will be at the "reimbursement rate . . . allowed by the IRS"); *Heroux v. Ingrassio*, 612 F. Supp. 2d 236, 240 (W.D.N.Y. May 6, 2009) (explaining the IRS reimbursement rate "is used by employers and employees to calculate the deductible costs of operating an automobile for business purposes"); *Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712, 716 (E.D. Pa. 2014) (finding that where a defendant pizza company failed to keep detailed records of its drivers' actual expenses, the IRS standard business mileage rate was a reasonable approximation of such expenses and should be used to determine the defendant's minimum wage compliance).

With Plaintiffs making an average of 18 deliveries per 8-hour shift, for which each delivery averaged 6 miles, they drove 108 miles per shift (18 deliveries x 6 miles) and 13.5 miles per hour (108 miles/8 hours).[11] Based on their average miles driven and using the IRS' reimbursement rate, Plaintiffs incurred vehicle-related expenses of at least $7.63 per hour ($0.565 x 13.5 miles) in 2013, $7.56 per hour ($0.56 x 13.5 miles) in 2014 and $7.76 per hour ($0.575 x 13.5 miles) in 2015.[12] Either way the Court looks at it, these expenses reduced Plaintiffs' hourly rate below the statutory minimum.

---

[11] Comp. ¶ 71.
[12] Comp. ¶ 72.

      1.      Assuming the fees do not constitute gratuities, V & J still failed its
minimum wage obligations to Plaintiffs.

Assuming the delivery fees do not constitute gratuities under the Labor Law, V & J failed to pay Plaintiffs the statutory minimum wage. For making 18 deliveries per shift, the company reimbursed them $24.30 per shift: 18 deliveries x $1.35. But their expenses equal $61.02 per shift: 18 deliveries x 6 miles round trip x $0.565 IRS rate.[13] Consequently, after subtracting the $24.30 from $61.02, the company still failed to reimburse them for $36.72 in expenses per shift, resulting in Plaintiffs' hourly rate dropping below the statutory minimum. That is unlawful. 12 Comp. Codes. R. & Regs. § 146-2.7(c); see Almanzar, 2016 U.S. Dist. LEXIS 155116, at *21.

The company tries to change this narrative in a few ways, beginning by mischaracterizing the Complaint. It argues the only vehicle-related expense that Plaintiffs incurred and for which they seek reimbursement is the $20 they spent on gas each day. Relying on that false construction, it argues it fully reimbursed the Plaintiffs by giving them $1.35 per delivery, thereby paying them at or above the statutory minimum.[14] But that is not what they allege. Again, Plaintiffs are seeking reimbursement for gasoline, vehicle depreciation, insurance, maintenance and repairs.[15] The $1.35, therefore, did not fully reimburse them.

The company again relies on falsely characterizing Plaintiffs' claim to argue the IRS reimbursement rate should be ignored and $1.35 reasonably approximates their expenses since they incurred only $20 per day in gas.[16] Besides ignoring the actual

---

[13] Comp. ¶ 77.
[14] V & J's July 19, 2017 Memorandum of Law in support of their Motion ("MOL") at 9.
[15] Comp. ¶ 64.
[16] MOL at 10-11.

expenses for which Plaintiffs are seeking reimbursement, two problem exists with this argument.

First, the company did not track Plaintiffs' expenses. [17] It therefore has no way of knowing whether $1.35 is a reasonable approximation.

Also, V & J is improperly not accepting Plaintiffs' allegations as true and creates a fact dispute with this argument. The case the company cites for this argument highlights this flaw. *See Perrin v. Papa John's Int'l, Inc.,* 114 F. Supp. 3d 707 (E.D. Mo. July 8, 2015). There, like here, the company challenged the employees' use of the IRS reimbursement rate to approximate their expenses and proposed its own method. The court rejected that argument and denied summary judgment, holding a fact issue exists "on the issue of whether Defendants' reimbursement rate was a reasonable approximation of Plaintiffs' vehicle expenses." *Id.* at 721.

As the defendant's argument in *Papa John's* was properly rejected, it is even more appropriate to reject V & J's argument. To begin with, Plaintiffs' allegations at this stage, unlike the *Papa John's* plaintiffs', are assumed true and given all favorable inferences. Next, the parties dispute what is an appropriate approximation of the expenses, making a judgment on the pleadings inappropriate. *See Saldanha v. Baidyaroy,* 1992 U.S. Dist. LEXIS 8391, *4-6 (S.D.N.Y. June 15, 1992) (explain a judgment on the pleadings is "designed to provide a means of disposing cases when the material facts are not in dispute.").

The company's final argument stretches N.Y. Lab. Law § 196-d to the breaking point. It argues the statute prohibits the company from retaining only part of a gratuity

---

[17] Comp. ¶ 68.

and it therefore did not violate the statute because it gave $1.35 of the fee to the

Plaintiffs, while keeping $1.15 ($2.50 - $1.35).[18] Unsurprisingly, the company does not

cite any supporting authority. And for good reason. The plain meaning of the statute

provides just the opposite of what the company argues: an employer violates the statute

when it "retain[s] <u>any</u> part of a gratuity or of any charge purported to be a gratuity for an

employee." N.Y. Lab. Law § 196-d (emphasis added).

> 2.      V & J unquestionably failed to pay the Plaintiffs minimum wage if
>         the delivery fees are held to be their gratuities.

As explained above, 100% of the delivery fees constitute gratuities under the

Labor Law. The company was therefore not reimbursing the Plaintiffs for these expense

with $1.35 of the $2.50 fee. It was, instead, giving them part of a gratuity that was always

legally theirs. With Plaintiffs incurring these expenses and the company not reimbursing

them at all, Plaintiffs' effective hourly rate dropped below the statutory minimum wage.

That is unlawful. 12 Comp. Codes. R. & Regs. § 146-2.7(c); *see Almanzar*, 2016 U.S.

Dist. LEXIS 155116, at *21.

At bottom, the company does not articulate proper and well-supported basis to

dismiss Plaintiffs' minimum wage claim.

---

[18] MOL at 10.

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit V & J Employment Services' Motion for Judgment on the Pleadings should be denied.

Dated: New York, New York
       August 21, 2017

                    Respectfully submitted,
                    BRONSON LIPSKY LLP


                    s/ Douglas B. Lipsky
                    630 Third Avenue, Fifth Floor
                    New York, New York 10017-6705
                    Tel: 212.392.4772
                    Fax: 212.444.1030
                    dl@bronsonlipsky.com
                    *Attorneys for Plaintiffs*